AO 472 (Rev. 6/05) Order of Detention Pending Trial

# United States District Court
## Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Shawn Robin Gibson<br>_____/<br>Defendant | **ORDER OF DETENTION PENDING TRIAL**<br><br>Case Number: 06-30328 |

    In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

◻ (1) I find that:
- ◻ there is probable cause to believe that the defendant has committed an offense
- ◻ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 or 846;
- ◻ under 18 U.S.C. § 924(c).

◻ (2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☒ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

☒ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

☒ I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):

- ☒ (a) nature of the offense - Defendant is charged with impeding a federal investigation by means of death threats to a potential witness to prevent his cooperation with law enforcement authorities.
- ☒ (b) weight of the evidence - The evidence is strong. The threatened witness was a relative and close confidant of defendant, who had no difficulty recognizing the voice of the caller, or the factual context of the threats. Defendant identified himself on several of the calls, and a number of the messages were recorded, and at least one was consensually monitored by government agents. Certain of the threatening calls overtly warn the victim not to cooperate with federal investigators.
- ☒ (c) history and characteristics of the defendant -
    - ☒ 1) physical and mental condition - Defendant is a drug user and an alcoholic.
    - ☒ 2) employment, financial, family ties - Defendant has family ties to the Eastern District of Michigan. He claims to have terminated his tax preparation business (which was the subject of the IRS investigation) in January, 2006. He claims to be an "independent contractor" for several accounting/auditing firms, with an income of $15,000 to $20,000 per month. He provided no verification of his employment, however, and his stated assets and regular expenses call the income figure into serious question. There is no evidence of significant financial ties to this district.
    - ☒ 3) criminal history and record of appearance - Defendant has four felony convictions. They include criminal sexual conduct, larceny from a person and felony habitual offender. His last felony, a drug offense, was adjudicated in May 2006. He has a history of five misdemeanor convictions for larceny, fraud and trespassing offenses. Between 2000 and 2005, he was cited eleven times for failures to comply with traffic court judgments and once for failure to appear in a traffic court matter.
- ◻ (d) probation, parole or bond at time of the alleged offense -

☨ (e) danger to another person or community - The very nature of the charged offense indicates that this defendant poses a danger to the alleged victim (and, logically to others who might be suspected of cooperation with the government in the underlying investigation).  The evidence of the issuance of the threats is overwhelming.  This defendant is a four time felon with a history of offenses against individual victims.  He is a drug user, and his own counsel characterizes him as an alcoholic.  The charged offense carries a maximum penalty of ten years, and a conviction would represent defendant's fifth felony offense.  The testimony indicates that the victim took the threats seriously, and I am inclined to do the same.

**Conclusion:** This defendant is an habitual offender, with a history of offenses against persons.  He lied to this court about his status as a CPA.  He lied to Pretrial Services regarding his address and his drug use.  His history of compliance with judicial decrees and process is poor.  The nature of the charged offense, the content of the underlying communications, and defendant's drug and alcohol abuse call his ability to control his behavior into serious question.  He faces substantial penalties upon conviction, and has strong motivations to flee, or to prevent witnesses from cooperating with an ongoing federal investigation.  I find his testimony totally unworthy of belief.  Pretrial Services recommends detention.  I fully concur.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: June 29, 2006

s/Donald A. Scheer
*Signature of Judge*
Donald A. Scheer, United States Magistrate Judge
Name and Title of Judge